**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1939
_____

UNIVERSAL UNDERWRITERS INSURANCE COMPANY

v.

JOHN SWENSON,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:21-cv-00259)
District Judge: Honorable Julia K. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 2, 2025

Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges*.

(Filed: June 3, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

John Swenson appeals the District Court's summary judgment for Universal Underwriters Insurance Company. We will affirm, essentially for the reasons stated by the District Court in its cogent opinion.

I

While driving a truck for his employer, Kress Auto Wreckers, Swenson was involved in a collision with an underinsured motorist. Because his injuries resulted in costly medical bills, Swenson requested repayment from Kress's insurer, Universal.

At the time of Swenson's accident, Universal insured Kress employees against bodily injuries caused by underinsured motorists. Kress's 2008–2009 policy provided an underinsured motorist coverage limit of $35,000, except for certain "designated individuals" who would be covered up to $300,000. App. 584 (capitalization altered). But unlike prior versions—which had identified Kress's co-owners as "designated individuals"—the 2008–2009 policy left the "list [of] designated individuals" section blank. *Id.* (capitalization altered).

Because Kress's policy did not list Swenson as a "designated individual," Universal offered the basic policy limit of $35,000. But Swenson pressed for more. In his view, the policy's silence as to "designated individuals" meant that *all* insureds were entitled to $300,000 in coverage. To resolve this disagreement, Universal filed a declaratory judgment action in the District Court. Following discovery, Universal moved for summary judgment.

The District Court granted Universal's motion. It reasoned that the insurance

2

policy unambiguously "provided coverage higher than $35,000 for designated individuals, and [Swenson was] not listed as a designated individual." *Universal Underwriters Ins. Co. v. Swenson*, 2024 WL 1683636, at *3 (M.D. Pa. Apr. 18, 2024). The Court rejected Swenson's contention that an empty list of "designated individuals" entitled all insureds to $300,000 in coverage, noting that he "cited no authority" for this alternative view. *Id.* So the Court granted Universal summary judgment and issued a declaratory judgment. Swenson timely appealed.[1]

## II[2]

Swenson makes largely the same argument on appeal that he made before the District Court: because the 2008–2009 policy did not list any "designated individuals," all insureds are entitled to $300,000 in coverage. And to the extent that the policy is ambiguous with respect to additional coverage, he says, the ambiguity should be resolved against Universal, the policy's drafter. Like the District Court, we are unpersuaded.

Under Pennsylvania law, the terms of an insurance policy are ambiguous "if they are subject to more than one reasonable interpretation when applied to a particular set of facts." *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999). As for Swenson's claim, there is only one reasonable interpretation of the 2008–2009

---

[1] The District Court also rejected Swenson's "stacking" theory of coverage. He does not appeal that portion of the District Court's opinion.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1), and we have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. *Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.*, 939 F.3d 243, 249 (3d Cir. 2019).

policy. "[D]esignated individuals" may access $300,000 in coverage; all other insureds are limited to $35,000. App. 584 (capitalization altered). Because Swenson is insured but not a "designated individual[]," his coverage is capped at $35,000. *Id.* (capitalization altered).

Swenson's alternative interpretation is untenable. It is strange that Kress designated no beneficiaries for its additional coverage. But Swenson's reading—that *all* insureds are "designated individuals"—would be stranger still. On his view, the policy's exception would swallow the rule, completely nullifying the baseline coverage of $35,000. We decline to "resort to [this] strained contrivance in order to find an ambiguity." *Madison Constr. Co.*, 735 A.2d at 106.

\* \* \*

For the reasons stated, we will affirm the District Court's summary judgment.

4